IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| CANO FAMILY LIMITED PARTNERSHIP, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | Case No. 7:23-cv-387 |
| CENTURY SURETY COMPANY, | § § § | |
| Defendant. | § § | |

## DEFENDANT CENTURY SURETY COMPANY'S NOTICE OF REMOVAL

**COMES NOW** Defendant, Century Surety Company ("Century"), and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Federal Rule of Civil Procedure 81(c) files this, its Notice of Removal, and would show the Court the following:

### I.      INTRODUCTION

1. Plaintiff is Cano Family Limited Partnership ("Cano"). Defendant is Century.

2. Pursuant to LR5.2 Related Litigation Policy, Century herby notifies this Court of the related current or recent litigation.

3. On September 29, 2023, Cano filed a lawsuit against Century styled as *Cano Family Limited Partnership v. Century Surety Company*, Cause No. CL-23-3910-I in Hidalgo County, Texas (the "3910 State Court Lawsuit").

4. On September 29, 2023, Cano filed a lawsuit against Century styled as *Cano Family Limited Partnership v. Century Surety Company,* Cause No. CL-23-3017-J in Hidalgo County,

Texas (the "3017 State Court Lawsuit").

5. The 3910 State Court Lawsuit and the 3017 State Court Lawsuit (collectively the "Lawsuits") are identical. Century is filing a Notice of Removal for the 3910 State Court Lawsuit and for the 3017 State Court Lawsuit and will file a supplemental notice of related litigation when cause numbers are assigned. Century will also move to consolidate in accordance with the local rules once cause numbers have been assigned.

6. Cano served Century with process in the 3910 State Court Lawsuit on or about October 10, 2023 by serving its designated agent for service of process at 18545 Sigma Road, Suite 101, San Antonio, Texas 78258. A return of service has not been filed in the 3910 State Court Lawsuit as of this filing.

7. Cano served Century with process in the 3917 State Court Lawsuit on October 6, 2023 by serving its designated agent for service of process at 18545 Sigma Road, Suite 101, San Antonio, Texas 78258. A return of service for the 3917 State Court Lawsuit was filed by the Deputy Clerk of the County Court at Law #10 of Hidalgo County, Texas on October 10, 2023.

8. Century files this Notice of Removal within the time period required by 28 U.S.C. § 1446(b).

## II.     BASIS FOR REMOVAL

9. The basis for removal is diversity of citizenship pursuant to 28 U.S.C. §1332(a).

10. Plaintiff Cano is a Texas family limited partnership, which is organized and existing under the laws of the State of Texas. Cano's business address is 3007 Las Colinas Lane, Mission, Texas 78574.

11. Plaintiff Cano has a sole general partner: Rawhide Management GP, L.L.C. Rawhide Management GP, L.L.C. is a Texas limited liability company. Its principal office is located at 3007 Las Colinas Lane, Mission, Texas 78574-2298.

12. For purposes of diversity of citizenship, a court should look to the citizenship of a limited liability company's individual members. Rawhide Management GP, L.L.C. has two individual members: Rolando M. Cano and Marisa V Cano.

    a. Rolando M. Cano is a resident of Mission, Hidalgo County, Texas.

    b. Marisa V. Cano is a resident of Mission, Hidalgo County, Texas.

13. Because its sole partner, and its sole partner's individual members, are Texas citizens, Cano Family Limited Partnership is a Texas citizen for purposes of diversity of citizenship.

14. Defendant Century is incorporated in the State of Ohio, with its principal place of business in Michigan. Therefore, the parties are citizens of different states and complete diversity exists as between the parties.

15. The Lawsuits are a single insurance coverage dispute. Century provided insurance coverage to Cano, which included coverage for property located at 1613 E Griffin Parkway, Mission, Texas 78574 (the "1613 Property") and 1615 E Griffin Parkway, Mission, Texas 78574 (the "1615 Property") (collectively the "Properties"), for the period from April 15, 2022 to April 15, 2023. Cano reported that the 1613 Property and the 1615 Property sustained wind damage on or about result May 23, 2022 (the "Claim").

16. Century retained an independent adjuster to inspect the Properties and determined that the damage was not the result of a May 23, 2022 event. Century hired an engineer to determine the origin and cause of the claimed damage. That engineer determined the Properties' roofs were damaged as a result of a more recent hail storm occurring on or about April 21, 2023. Additionally, that engineer found the alleged interior damages were the result of historic and ongoing conditions, such as thermal movement and long-term exposure to the elements.

17. Venue is proper in this district pursuant to 28 U.S.C § 1441(a) because the Lawsuits are located in this district.

18. Century will promptly file a copy of this Notice of Removal with the clerk of the state courts where the Lawsuits are pending.

19. The following uncertified copies of pleadings, process, order and other filings in the Lawsuits will be attached to this notice as Exhibit A, as required by 28 U.S.C § 1446(a) and LR 81:[1]

3910 State Court Lawsuit

- Plaintiff's Original Petition filed on September 29, 2023;
- Plaintiff's Binding Stipulation of Damages filed on September 29, 2023;
- Citation Issued signed on October 2, 2023;
- Citation
- Defendant Century's Original Answer to Plaintiff's Original Petition, Jury Demand and Request for Disclosure filed October 30, 2023;
- Docket for the 3910 State Court Lawsuit.

3917 State Court Lawsuit

- Plaintiff's Original Petition filed on September 29, 2023;
- Plaintiff's Binding Stipulation of Damages filed on September 29, 2023;
- Citation Issued
- Certificate of Return
- Proof of Delivery
- Defendant Century's Original Answer to Plaintiff's Original Petition, Jury Demand and Request for Disclosure filed October 30, 2023
- Docket for the 3917 State Court Lawsuit

20. If any further pleadings have been filed with the court, Century will supplement this removal.

21. The amount in controversy is in excess of $75,000.00, in satisfaction of 28 U.S.C. § 1332(a). To satisfy this requirement a "defendant must show by a preponderance of the evidence

---

[1] Century will supplement for certified copies upon receipt.

that the amount in controversy meets the jurisdiction threshold. The amount in controversy may appear on the fact of the complaint, or if it does not, may be shown by summary judgment-type evidence." *Garcia v. Kellogg USA, Inc.*, No. 7:13-CV-00347, 2013 WL 4735169, at *1 (S.D. Tex. Sept. 3, 2013).

22. A plaintiff's demand in the pleading will not be deemed the amount in controversy if the State practice does not allow for a specific sum and alleging damages less than $75,000 is a manipulation characterized as bad faith. *Garcia v. Kellogg USA, Inc.*, 2013 WL 4735169 at *1. Therefore, the pleading does not control jurisdiction inquiry and "the Court will use "summary judgment-type" evidence to ascertain the amount in controversy by a preponderance of the evidence." *Id.* at *1-*2.

23. "The defendant may meet this preponderance burden either by demonstrating the claims are likely above $75,000 in sum or value, or by setting forth facts in controversy that support a finding of the requisite amount." *Id.* at *2 (internal quotations omitted).

24. Here, Cano filed two lawsuits as a result of the same insurance claim arising out of damage to buildings that are not only located next to each other, but are physically connected.

25. The Lawsuits each contain a stipulation of damages for the respective Lawsuits. Lawsuits that arise out of the same insurance policy, insurance claim, cause of loss, investigation, adjustment, and alleging the same causes of action based on the same set of facts. Therefore, Cano stipulates that the amount in controversy arising from the subject insurance claim does not exceed $150,000.00, which satisfies the amount in controversy requirement for removal.

26. Additionally, in a July 13, 2023 letter Cano's demand for damages to the 1615 Property totaled $56,805.84. The letter also claims damages in the form of treble damages, mental anguish, interest, and attorney's fees. Cano has not provided an estimate for the 1613 Property.

## **PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Century Surety Company respectfully requests the Court to remove the action styled *Cano Family Limited Partnership v. Century Surety Company*, Cause No. CL-23-3917-J in Hidalgo County, Texas to this federal court.

Respectfully submitted,

By: */s/ Robert J. Witmeyer*
**ROBERT J. WITMEYER**
Texas State Bar No. 24091174
Southern District Bar No. 260115
Email:  Rob.Witmeyer@cooperscully.com
**SUMMER L. FREDERICK**
Texas State Bar No. 24067764
Southern District Bar No. 1047012
Email: Summer.Frederick@cooperscully.com

**COOPER & SCULLY, P.C.**
Founders Square
900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone:  (214) 712-9500
Telecopy:  (214) 712-9540

**ATTORNEYS FOR DEFENDANT,
CENTURY SURETY COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of November 2023, a true and correct copy of the foregoing document was served on counsel of record using the Court's ECF filing service:

Omar Ochoa
Tex. Bar No. 24079813
OMAR OCHOA LAW FIRM PC
121 N. 10th Street
McAllen, Texas 78501
Tel: (956) 630-3266
oochoa@omarochoalaw.com

Victor Rodriguez Jr.
Tex. Bar No. 24041809
VICTOR RODRIGUEZ LAW FIRM PLLC
121 N. 10th Street
McAllen, Texas 78501
Tel: (956) 630-3266
victor@vrodriguezlaw.com

*Attorneys for Plaintiff*

                                        */s/ Robert J. Witmeyer*
                                        **ROBERT J. WITMEYER**